# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                    Criminal No. 11-CR-27 (SRN)

       Plaintiff-Respondent,

       v.                                    <u>ORDER</u>

Philip Alvin Myers,

       Defendant-Petitioner.

_____

Jeffrey S. Paulsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Plaintiff-Respondent

Philip Alvin Myers, Reg. No. 15657-041, U.S. Penitentiary, USP Leavenworth, P.O. Box 1000, Leavenworth, Kansas 66048, Pro Se Defendant-Petitioner
_____

SUSAN RICHARD NELSON, District Judge

       This matter is before the undersigned United States District Judge on four motions filed by Defendant-Petitioner Philip Alvin Myers:  (1)  Pro Se Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Doc. No. 76]; (2) Pro Se Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Doc. No. 78]; (3) Pro Se Motion for Order of Default [Doc. No. 80]; and (3) Pro Se Motion to Supplement in Opposition to Government's Response [Doc. No. 82].  For the reasons set forth below, Myers' motions are denied and denied as moot.

## I.      BACKGROUND

       In January 2011, the Government charged Myers with the following crimes:  (1)

interference with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951;

(2) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.

§ 924(c)(1)(A); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).  The Indictment alleged that on or about January 5, 2011,

Myers, a convicted felon, robbed a gas station employee of $100 in cash from the cash

register till and $70 in cash from the employee's wallet, while displaying a handgun.

(Indictment, Counts 1-3 [Doc. No. 1].)  Also, the Indictment called for the forfeiture of

any handguns used in the alleged violations, including a Sig Sauer P229 .40 Caliber semi-

automatic handgun, serial number AF11775.  (Id. at p.3.)

        In the proceedings before this Court, Defendant was represented by appointed

counsel, United States Federal Defender Reynaldo A. Aligada.  On March 21, 2011, Mr.

Aligada filed a motion for a psychiatric exam to determine Myer's competency, [Doc.

No. 22], on his client's behalf.  This Court determined that Myers was unable to

understand the nature and consequences of the proceedings against him and committed

him to the custody of the Attorney General for hospitalization and treatment. (Order of

7/26/11 [Doc. No. 28].)   This commitment was continued until Myers' competency was

adequately restored, after which, in January 2015, proceedings in this action resumed.

(See 1/14/15 Status Conf. Minutes [Doc. No. 38].)

        In April 2015, Myers entered a change of plea [Doc. No. 45], agreeing to the

factual basis of the underlying charges.  Specifically, he agreed that he had robbed a gas

station employee at gunpoint and fled in a stolen vehicle, which he later abandoned

following a high speed chase. (See Govt's Sentencing Position at 2 [Doc. No. 55].) He was apprehended with the money in a backpack that he was carrying and officers recovered the handgun near the stolen vehicle. (See Gov't's Mot. for Prelim. Forfeiture at 2-3 [Doc. No. 47].) In addition, as part of the parties' plea agreement, Myers and counsel for the Government agreed that the Government would move for the dismissal of Counts 2 and 3 at the time of sentencing. (See Gov't's Sentencing Position at 1.) In exchange, and in light of the parties' conclusion that Myers was a career offender under the Sentencing Guidelines in light of two prior second degree burglary convictions, he agreed to no downward departure or downward variance from the applicable Sentencing Guidelines range of 151 to 188 months. (See id.; Def.'s Supp'l Sentencing Position at 1 [Doc. No. 64].) Myers further agreed to forfeit all right, title, and interest in the firearm recovered by law enforcement upon his arrest. (See Gov't's Mot. for Prelim. Forfeiture at 2.)

Prior to Defendant-Petitioner's scheduled sentencing, the United States Sentencing Commission announced an upcoming change to U.S.S.G. § 4B1.2, Guideline Amendment 798, effective August 1, 2016, that would eliminate burglary as a "crime of violence" offense under the career offender guidelines. (Def.'s Supp'l Sentencing Position at 2.) This was the only type of career offender predicate offense in Myers' criminal history. (Id.) In light of the upcoming change, Mr. Aligada conferred with the Government's counsel, who agreed that a sentence outside of the 151 to 188 month range was appropriate. (Id. at 2-3.) The parties jointly recommended a sentence of 144 months.

3

(Id. at 3.)

On April 13, 2016, this Court sentenced Defendant-Petitioner to 144 months for robbery under the Hobbs Act, as set forth in Count 1 of the Indictment. (Sentencing J. at 2 [Doc. No. 67].) Counts 2 and 3 were dismissed upon the Government's motion. (Id. at 1.)

Myers filed his original § 2255 motion on November 14, 2016 [Doc. No. 76]. On November 29, 2016, he filed an amended § 2255 motion [Doc. No. 78]. He subsequently filed a motion for default [Doc. No. 80] and a motion to file a response in opposition to the Government's response [Doc. No. 82]. The Government objects to Myers' § 2255 and default motions [Doc. Nos. 79 & 81].

## II.     DISCUSSION

### A.     Section 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

While § 2255 generally affords relief, it is only available in limited circumstances. The Eighth Circuit has held that:

[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete

4

miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

### 1.     Ineffective Assistance of Counsel

Myers challenges his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel, in violation of the Sixth Amendment, in four respects. (Def.'s § 2255 Mot. at 4-5 [Doc. No. 76].) First, in a three-part ground, he contends that Mr. Aligada failed to investigate whether his convictions for "breaking and ent[ering]" constituted "crimes of violence" for purposes of sentencing. (Id. at 4.) Myers further contends that his attorney "took advantage" of his lack of understanding, which was caused by his "heavy psychotic medication." (Id.) Myers also asserts that "there was questioning on [his] immigration status." (Id.)

For his second ground of relief, Myers contends that his attorney failed to properly investigate his mental state, by failing to present exculpatory evidence of his difficult family history and whether, due to his mental disease, he could be held responsible for his actions. (Id. at 5.)

Third, in his amended petition, Myers argues that pursuant to Johnson v. United States, 135 S. Ct. 2251 (2015), which invalidated the residual clause of the Armed Career Criminal Act, a Hobbs Act robbery is no longer considered a crime of violence. (Def.'s Am. § 2255 Mot. at 1-6 [Doc. No. 78].)

Fourth, in his self-styled "Pro Se Motion to Supplement in Opposition of

Government's Response," Myers asserts that his counsel failed to conduct any pretrial investigation into whether the forfeited handgun was properly within the Government's possession.  (Def.'s Reply [Doc. No. 82].)[1]

In order to obtain relief for ineffective assistance of counsel, Myers must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  Defendant-Petitioner bears the burden of establishing to a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different.  Id.  This is a "heavy burden," Apfel, 97 F.3d at 1076, requiring a showing that the deficiency in counsel's performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

As to Myers' first, three-part ground of relief, at the time that Myers entered into the plea agreement, his prior convictions were properly considered crimes of violence for career offender purposes.  However, as discussed above, due to the change in the

_____

[1]  The Court construes the "Pro Se Motion to Supplement in Opposition of Government's Response" as a reply memorandum.  Myers' motion contains substantive legal argument, as opposed to merely asking for permission to file a supplemental document.  In his reply, Myers raises new grounds for his ineffective assistance claim, arguing ineffective assistance concerning the forfeiture of his handgun.  Raising new grounds for relief in a reply memorandum is improper under the Local Rules of this Court.  See Local Rule 7.1(c)(3)(B) ("A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response.") Nevertheless, in light of Myers' pro se status, the Court considers this additional ground of relief.

Sentencing Guidelines, effective in August 2016, Myers' counsel reached out to counsel for the Government prior to sentencing to try to negotiate a non-career offender sentence. (See Def.'s Supp'l Sentencing Position at 2.)   Had he not done so, Myers would have likely faced a longer sentence.  (Id. at 2-3; Gov't's Opp'n Mem. at 4 [Doc. No. 79].)  Mr. Aligada's efforts were successful, as Myers received the benefit of the change in the Sentencing Guidelines, even though he was sentenced four months before the effective date of the amendment.  While Myers also asserts that his counsel somehow took advantage of his medicated condition, he offers no evidence in support of this claim.  To the contrary, at sentencing Myers indicated that he understood the proceedings and that Mr. Aligada had discussed the change in the Sentencing Guidelines with him.  Also at that hearing, Myers offered a brief allocution–further evidence that he was competent and able to speak on his own behalf.  As to the final prong of this first ground of relief, Myers asserts that questions were asked concerning his immigration status, but fails to indicate how this is related to his claim of ineffective assistance of counsel.  None of this supports a claim of ineffective assistance of counsel.

Myers' second ground for his claim of ineffective assistance concerns his mental state and competency to stand trial.  A review of the record, however, demonstrates that on multiple occasions, Myers' mental status was evaluated and reevaluated--a process that began in 2011, at Mr. Aligada's request.  (See Mot. for Psych. Exam [Doc. No. 22]; Order of 3/30/11 [Doc. No. 24]; Joint Mot. for Competency Hrg. [Doc. No. 25]; Order of 7/26/11 [Doc. No. 28]; Letter to Magistrate Judge [Doc. No. 29]; Order of 2/6/12 [Doc.

No. 30]; Joint Mot. for Continued Commitment [Doc. No. 32]; Order of 6/19/22 [Doc. No. 33]; Mot. to Stay [Doc. No. 34]; Order of 7/30/13 [Doc. No. 35]; Mot. for Psych. Exam [Doc. No. 36]; Order of 9/23/14 [Doc. No. 37]; Minute Entry of 1/14/15 [Doc. No. 38].) Defendant-Petitioner obtained treatment for his condition and only when his treating psychologist adjudged him competent to stand trial did counsel negotiate a plea agreement. (See id.; see also Gov't's Opp'n Mem. at 4-5.) Myers' argument that counsel failed to present "exculpatory" evidence of his mental health history and difficult family history is contradicted by the record. Defendant's Sentencing Position, filed by Mr. Aligada, submitted arguments in mitigation of sentencing, including discussion of Myers' difficult childhood in Liberia as well as his long history of organic mental health issues. (Def.'s Sentencing Position at 3-4.) Mr. Aligada reiterated these arguments at the sentencing hearing, which the Court acknowledged. Far from being ineffective, Mr. Aligada assisted his client in obtaining medical care and treatment, ensuring Myers' competence to understand the proceedings against him and the Court's understanding of the challenges faced by Defendant-Petitioner.

As for the third ground of allegedly ineffective assistance of counsel, Myers asserts that Mr. Aligada failed to investigate whether the Johnson ruling applied to his case, arguing that a Hobbs Act conviction is no longer considered a crime of violence. (Def.'s Am. § 2255 Mot. at 1.) Defendant-Petitioner appears to confuse his prior criminal history with the Hobbs Act offense for which he was charged in this case. Myers does not have a prior conviction for Hobbs Act robbery that was used to enhance his sentence

either under the career offender guidelines, U.S.S.G. § 4B1.2, or as a violent felony under that Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). He pleaded guilty to a Hobbs Act robbery in <u>this</u> case, which was not considered in evaluating his criminal history. This argument is plainly contradicted by the record and cannot serve as the basis for claiming ineffective assistance of counsel.[2]

Myers' fourth ground of allegedly ineffective assistance–that Mr. Aligada failed to conduct a pretrial investigation--likewise fails. (Def.'s Reply at 5-6.) Defendant-Petitioner appears to question the process by which the handgun, apparently seized by state law enforcement officers, could be subject to criminal forfeiture in federal proceedings. (<u>Id.</u>) Myers criticizes his counsel for not exploring this issue. (<u>Id.</u>) This is essentially a moot point because in the plea agreement, Myers agreed to forfeit the gun. (<u>See</u> Gov't's Mot. for Prelim. Order of Forfeiture at 2) (citing Plea Agreement). Nor could Myers, a convicted felon, legally possess a gun in the first place.

But even setting aside the language in the agreement, this argument fails. Addressing a similar challenge in <u>Madewell v. Downs</u>, 68 F.3d 1030, 1040-1045 (8th Cir. 1995), the Eighth Circuit Court of Appeals found nothing in Missouri law that established a due process requirement of a "turnover" order before property could be transferred by

---

[2] Myers appears to argue that a Hobbs Act robbery is not a crime of violence, therefore it would not support the charge in Count 2 of the Indictment for using a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). But as the Government observes, (Gov't's Opp'n Mem. at 6), Myers was not convicted of Count 2, which was dismissed under the plea agreement.

state authorities to federal authorities. In reaching its decision, the court distinguished

United States v. One C-20 Van, 924 F.2d 120 (7th Cir. 1991), a case also cited by Myers,

as one in which the transfer of property subject to criminal forfeiture from state

authorities to federal authorities required a court order, as a matter of jurisdictional

authority, when state court forfeiture proceedings were already underway. Madewell, 68

F.3d at 1041-42. Important to the court's ruling in finding no due process violation was

that no state court proceedings were underway. Id. Similarly here, the Court is unaware

of any state court forfeiture proceedings. Nor does Myers identify any Minnesota

statutory language requiring the issuance of a state court order before the transfer of the

gun from Minnesota state authorities to federal authorities. Moreover, here, the gun was

not simply a run-of-the-mill item of seized personal property, but a critical piece of

evidence that Myers used to effectuate the gas station robbery. As to Myers' argument

that counsel failed to file pretrial motions on this issue, any such motions would have

been frivolous.[3] This ground of relief does not demonstrate ineffective assistance of

counsel. While the Court considers this forfeiture argument to have been raised in Myers'

reply memorandum, because that document is styled as the "Pro Se Motion to

Supplement in Opposition of Government's Response," the motion is denied.

---

[3] To the extent that Myers asserts, independent of his ineffective assistance of counsel claim, that the forfeiture of the gun constituted a denial of due process, the Court disagrees. It appears that after law enforcement officers apprehended him on January 5, 2011, he was indicted two weeks later in federal court. As noted, the Indictment included a forfeiture provision. These facts do not support a due process violation.

Finally, even assuming, for the sake of argument, that Mr. Aligada's performance was ineffective, Defendant-Petitioner would still be required to show that his ineffectiveness prejudiced the outcome of the proceedings. Strickland, 466 U.S. at 687. Defendant-Petitioner has presented no evidence demonstrating how he was prejudiced. To the contrary, the record shows that he was ably assisted by counsel. Accordingly, Defendant-Petitioner's claim for relief on the basis of ineffective assistance of counsel is denied.[4]

### B.    Motion for Default

In Defendant-Petitioner's Motion for Default, he requests that the Court either hold the Government in contempt or enter a judgment of default due to the Government's alleged failure to respond to his § 2255 motion. (Def.'s Mot. for Default at 1.)  The Court ordered the Government to respond to Myers' motion by December 16, 2016. (Order of 11/16/16 [Doc. No. 77].)  The Government filed its response on December 15, 2016, accompanied by a Certificate of Service [Doc. No. 79-1], indicating that a copy was mailed to Defendant-Petitioner at the federal prison where he is currently confined. Nevertheless, because it appeared that Myers had failed to receive a copy of the

---

[4] As Defendant's claims do not entitle him to relief and are contradicted by the record and the law, his § 2255 motions are denied without an evidentiary hearing. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (holding that a § 2255 petition can be dismissed without a hearing if the petitioner's allegations, even accepted as true, would not entitle the petitioner to relief, or  the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.)

Government's response, the Government mailed another copy, and indicated no objection to granting Myers a reasonable period of time in which to reply to the opposition memorandum. (Govt's Resp. to Def.'s Alleg. of Default at 1 [Doc. No. 81].) Myers filed his reply memorandum, which this Court has considered, within a reasonable time. Finding no failure of the Government to meet the Court's deadline, and because Myers received the opposition memorandum and subsequently filed a reply memorandum, this motion is denied as moot.

### C.    Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1.    Defendant-Petitioner's Pro Se Motion to Vacate pursuant to 28 U.S.C. § 2255 [Doc. No. 76] is **DENIED**;

2.    Defendant-Petitioner's Pro Se Amended Motion to Vacate Pursuant to 28

U.S.C. § 2255 [Doc. No. 78] is **DENIED**;

3.      Defendant-Petitioner's Pro Se Motion for Order of Default [Doc. No. 80] is

      **DENIED AS MOOT**;

4.      Defendant-Petitioner's Pro Se Motion to Supplement [Doc. No. 82] is

      **DENIED;**

5.      Defendant-Petitioner's request for an evidentiary hearing is **DENIED**; and

6.      A Certificate of Appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 29, 2017

<div style="margin-left:40%">

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge

</div>